O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARIO ROBERT VIANA,,<br><br>　　　　　Defendant. | Case № CR 14-00606-ODW<br>**ORDER DENYING DEFENDANT'S MOTION PURSUANT TO MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) [DE-51][1]** |

## I.　INTRODUCTION

Defendant Viana has brought a motion for reduction in his sentence on two grounds. The first arises from the Court's erroneous belief that he had not fully served his state court sentence and ordered that the federal sentence imposed should run concurrently with any unserved state sentence. In fact, his state court sentence had expired six (6) days before he was sentenced in federal court. He now

---

[1] "DE" designates Docket Entry

takes the position that he should be given credit against his federal sentence for time running from when he was transferred to federal custody.[DE-1].  This is a different proposition than that expressed by the court at the time of the imposition of sentence.  His second request is that he be released from custody because of the COVID-19 pandemic.

**A.  The Court's Pronouncement of Sentence Should be Construed Literally**

The chronology of relevant events is as follows:

A *Writ of Habeas Corpus ad Prosequendum* was issued by the Court on October 23, 2014.  [DE-8.]  Defendant was transferred from state to federal custody for purposes of prosecution on December 9, 2014 (PSR ¶ 16) and made his initial appearance on the Indictment in federal court on December 10, 2014.  [DE-10-16.]

Defendant pled guilty pursuant to a plea agreement on February 17, 2016.  [DE-27.]   On May 10, 2016, approximately six days before his federal sentencing, while he was in pretrial detention awaiting sentencing in the instant case, defendant's state sentence was completed and expired.

## II.    DISCUSSION

Defendant was sentenced on May 16, 2016.  [DE-40, 41.] In pre-sentence briefing, the PSR noted that defendant had been transferred from the California Department of Corrections and Rehabilitation ("CDCR") to federal custody.  PSR ¶ 16.

The PSR noted that defendant had been admitted to state custody on August 22, 2013, to serve a six-year term. PSR ¶ 56. Defendant's sentencing position claimed that defendant's state term of imprisonment had expired on March 26, 2016, approximately a month and a half prior to the May 16, 2016 sentencing date. Defendant's Sentencing Position, [DE-35], Memorandum at 10.

However, this fact was not discussed at sentencing, at which the Court directed defendant's federal sentence be served "concurrently with the unexpired term he is serving emanating from LA Superior Court BA409442." Transcript of Sentencing, May 16, 2016, [DE-45] ("Sent. Trans.") at 34:13-14. This was the first and only mention at sentencing of the state sentence. The defense, aware that the state sentence had expired, did not at the time correct the Court and point out that the state sentence had expired, and was in fact not "unexpired," as stated by the Court, or seek clarification. Exhibit A to Defendant's motion shows, at page 4, that his state sentence was satisfied on 5-09-16. [DE-51-1, p.4 of 4.]

The clear meaning of the Court's words was that the federal and any unexpired portion of the state sentences would run concurrently. If there was no unexpired portion of the state sentence, then his time in custody would apply only to the federal sentence. The defense now argues that this meant the Court intended, in violation of the law, to "backdate" defendant's federal sentence to when defendant

was first taken into federal pretrial detention on the writ of *habeas corpus ad prosequendum*. If defense wanted to argue for something more than the plain and unambiguous words used by the Court, then counsel should have argued for that during the sentencing hearing and been more forthright in bringing to the court's attention there was no unexpired state sentence.

Defendant's argument, which purports to voice the Court's unexpressed sentencing objective, misses the mark. It is the Court's practice not to attempt to calculate custody credits. This is primarily because the Court has no confidence that it will have accurate information with which the BOP will likely agree. Therefore, the Court leaves those calculations to the BOP.

Defendant argues that "[a]t Mr. Viana's sentencing hearing, it was similarly assumed that he would receive credit for his time in federal custody prior to sentencing." (Mtn. at p.4.) That was not the Court's assumption nor the result the Court sought to achieve. To be clear, the Court sought only to avoid Defendant serving a sentence running consecutive to his state prison sentence. Nothing more. The Court stated that the federal sentence imposed was to run concurrently with any unexhausted state sentence. If the state sentence had expired, then the Court's objective would be met. The Court intended no further adjustments.

**A.      Defendant Has Not Made a Case for Compassionate Release**

Because the requested relief is both drastic and permanent, it is subject to strict statutory conditions. First, a district court can evaluate a defendant's request for compassionate release only "after the defendant has fully exhausted all administrative rights" before the Bureau of Prisons ("BOP"). Specifically: after the defendant has fully exhausted all administrative rights to appeal, a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.] 18 U.S.C. § 3582(c)(1)(A). This requirement is mandatory. *United States v. Alam,* 960 F. 3d 831, 832 (6th Cir. 2020); *United States v.Raia,* 954 F. 3d 594, 597 (3d Cir. 2020. From the standpoint of the district court it is jurisdictional. See generally *Shaw v. Bank of America Corp.,* 946 F.3d 533, 541 (9th Cir. 2019) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction"); *United States v. Weidenhamer*, No. CR 16-1072-1-PHXROS, 2019 WL 6050264, at *2 (D. Az. Nov. 8, 2019) (citing cases). Second, in evaluating compassionate-release requests, courts must follow both the statute and relevant, binding policy statements. See *id.*; 28 U.S.C. § 994(t); USSG § 1B1.13. Pursuant to those authorities, to be eligible for compassionate release, a defendant must demonstrate: (1) the existence of extraordinary and compelling reasons, within the meaning of the statute; and (2) that he is not a danger to the community. 18 U.S.C. § 3582(c)(1)(A). Specifically, the statute requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission"--in this case, USSG § 1B1.13. *Id*.

### 1. DEFENDANT HAS NOT MET THE FIRST REQUIREMENT: EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Defendant's appeal to the BOP was not based on his medical condition, but his view that he was not given proper credit for his time in custody. Apparently this falls

within "other reasons." Id. at (1)(D) "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivisions (A) through (C)" [Medical Condition of the Defendant, Age of the Defendant, Family Circumstances] Application Notes to 1B1.13. His petition to the Warden was not based on USSG § 1B1.13 factors at all, therefore he has not yet exhausted his administrative remedies for a compassionate release. As noted earlier, this is a jurisdictional requirement which is a condition precedent to review by the district court.

### 2 DEFENDANT IS NOT MEDICALLY ELIGIBLE FOR COMPASSIONATE RELEASE

To be eligible for compassionate release, a defendant must demonstrate "extraordinary and compelling reasons warrant[ing] such a reduction," "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Thus, as courts have recognized, Congress intended that the "Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the 'compassionate release' provision." *United States v. Willingham*, No. CR113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) (noting split in authority). The Sentencing Commission's policy statement — USSG § 1B.1.13 — is thus binding on this Court. See *Dillon vs. United States*, 560 U.S. 817, 827 (2010); see, e.g., *United States v. Nasirun*, No. 8:99-CR-367, 2020 WL 686030, at *2 (M.D. Fla. Feb. 11, 2020). But see *United States v.*

*Brooker,* 2020 WL 5739712, at *6–7 (2d Cir. Sept. 25, 2020) (finding that USSG 1B1.13 Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant under the First Step Act). "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]" *United States vs. Eberhart*, 448 F. Supp. 3d 1086, 1090 (NDCA 2020. Those criteria include, as relevant here:

- The medical condition "of the defendant": specifically, whether the defendant has either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [s]he . . . is not expected to recover." USSG § 1B1.13, comment. (n.1(A)(i)-(ii));

- The "age of the defendant": specifically, whether defendant is "at least 65 years old," is "experiencing a serious deterioration in physical or mental health because of the aging process," and has served at least 10 years or 75 percent of her term of imprisonment. *Id.,* comment. (n. 1(B)); or

- "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," her illness, age, and family circumstances. *Id.,* comment. (n.1(D)).

The global COVID-19 pandemic is not a factor specific to defendant's case at all — and, while his anxieties may or may not be frivolous, he offers no case-specific facts establishing his eligibility for compassionate release under USSG § 1B1.13. Although identifying some specific health concerns, the most relevant of which is his asthma, he primarily emphasizes the general risk of COVID-19: arguments that are general, wide-ranging, and would apply to essentially every inmate presently in custody. The medical records he has supplied last show a clinic visit in 2015. From this the Court concludes his asthma is not a condition which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." USSG § 1B1.13, comment. (n.1(A)(i)-(ii));

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, *supra,* 954 F.3d at 597; see also *Eberhart*, *supra,* 448 F. Supp. 3d at 1090 ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). To classify COVID-19 as an extraordinary and compelling reason, by itself, would be inconsistent with the text of the statute and the policy statement. Moreover, it would have detrimental real-world effects: interfering with BOP's organized anti-COVID-19 efforts, resulting in the inequitable treatment of

inmates, and undercutting the strict criteria BOP employs to determine inmates' eligibility for sentence reductions and home confinement. Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a viral pandemic.

Indeed, the primary thrust of Defendant's argument centers on the BOP's failure to calculate his prison credits in a manner which satisfies him. He feels this creates an extraordinary and compelling reason which warrants his early release from prison. The Court disagrees. Neither this condition nor his medical condition, separately or in combination are sufficient to permit his early release under section 3582(c)(1)(A). Therefore, his request is DENIED.

IT IS SO ORDERED.

DATED: December 7, 2020.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE